# MAYOR AND CITY COUNCIL

# RZ09-009/CV09-018

# 6860 Peachtree Dunwoody Road
# Kadampa Meditation Center
# New York

Ashley (1)

main (2)

S. amended

(3-0 aff

- 1 per 3.5 fixed seats

$88 \div 3.5 = 25.1$ ~~spaces~~

- 1 per Bedroom

8 spaces

(plus)

5 per $1000^{\,0}$ of common area

$1453 \div 1000^{0} = 1.5$

$1.5 \times 5 = 7.5$ spaces

41 spaces

less 15% = 35 spaces

PLAINTIFF'S
EXHIBIT
31

31



# SANDY SPRINGS
GEORGIA

To:         John McDonough, City Manager

From:       Nancy J. Leathers, AICP, Director of Community Development

Date:       January 25, 2010 for submission onto the February 16, 2010 City Council meeting

Agenda Item:  **RZ09-009/CV09-018 6860 Peachtree Dunwoody Road.** Request to rezone the subject property, with seven (7) concurrent variances, from O-I (Office and Institutional District) conditional to O-I (Office and Institutional District) conditional to allow for a Place of Worship, having accessory uses, and to allow for a boarding house, all to operate within an existing 7,430 square foot building.

---

## CMO (City Manager's Office) Recommendation:
**APPROVAL CONDITIONAL** of the request to rezone the subject property from O-I (Office and Institutional District) conditional to O-I (Office and Institutional District) conditional to allow for a Place of Worship, having accessory uses, and to allow for a boarding house, all to operate within an existing 7,430 square foot building. And **APPROVAL CONDITIONAL** of the associated concurrent variances numbered 1 through 7 and approval of a variance from the Zoning Ordinance to reduce the minimum yards and landscape strips (adjacent to Peachtree Dunwoody Court) to the extent necessary for the existing structures and proposed parking areas, as shown on the recommended Site Plan, to comply.

## Background:
The site is located at the northwest corner of the intersection of Peachtree-Dunwoody Road and Peachtree-Dunwoody Court, approximately 3,300 feet north of the intersection with Abernathy Road. The subject property is zoned O-I (Office and Institutional District) conditional under Z96-096 and is currently developed with a bed and breakfast. The conditions of Z96-096 include limiting the aforementioned bed and breakfast to four (4) bedrooms within the existing structure.

## Discussion:
The current conditions of zoning limit the use to a four (4) bedroom Bed & Breakfast. The applicant is requesting to rezone the subject property from O-I (Office and Institutional District) conditional to O-I (Office and Institutional District) conditional to allow for a Place of Worship, having accessory uses, and to allow for a boarding house, all to operate within an existing 7,430 square foot building. The accessory retail use would only be for the sale of religious item related to the proposed place of worship, and the boarding house portion of the building would include eight (8) bedrooms.

Additionally, the applicant is requesting nine (9) concurrent variances as follows:

1. Variance from the Tree Conservation Ordinance, Administrative Standards, & Best Management Practices - Landscape Strips, Buffers, and Parking (F.1) to relieve the requirement of planting a large shade tree every 6 parking spaces for all new parking lots,

2. Variance from Section 4.23.2 of the Zoning Ordinance to eliminate the requirement to provide minimum ten (10) foot wide landscape islands at the end of each parking bay, and a ten (10) foot wide landscape island every sixth (6th) space for all new parking lots,

3. Variance from Section 4.23.1.B of the Zoning Ordinance to reduce the required twenty-five (25) foot zoning buffer and ten (10) foot improvement setback to a minimum of seven (7) feet from the east side property lines to allow for existing building, gravel drive, walkways, and porch,

4. Variance from Section 4.23.1.B of the Zoning Ordinance to reduce the required fifty (50) foot zoning buffer and ten (10) foot improvement setback to a minimum of two (2) feet from the western rear property line to allow for existing building, rear patio, gravel drive & parking spaces, and wall. And to allow for proposed retaining walls & a proposed ADA accessible/compliant path.

5. Variance from Section 12B(1) of the Zoning Ordinance to reduce the required PCID streetscape improvements for rights-of-way designated as a "Street" (Peachtree Dunwoody Court) and as an "Avenue" (Peachtree Dunwoody Road),

6. Variance from Section 18.3.1.E of the Zoning Ordinance to reduce the required twenty-five (25) foot spacing of parking (new) from any property of a single-family use to two (2) feet from the western rear property line,

7. Variance from Section 18.3.1.E of the Zoning Ordinance to allow parking (new) located within a required setback for the side corner yard,

*Concurrent Review:*
The staff held a Focus Meeting on December 2, 2009 at which the following city departments provided comments:

- Building & Development Division
- Fire Department
- Transportation Division

In addition, the following external departments were contacted for comment:

- Atlanta Regional Commission
- Fulton County Board of Education
- Fulton County Department of Environment and Community Development *(comments received)*
- Fulton County Department of Public Works
- Fulton County Environmental Health Services *(comments received)*
- Sandy Springs Council of Neighborhoods
- Sandy Springs Revitalization Inc.
- Georgia Department of Transportation

- City of Atlanta Department of Watershed Management *(comments received)*
- U.S. Postal Service Address Management Systems
- MARTA
- Fulton County Emergency Management



## SANDY SPRINGS
GEORGIA

## Rezoning Petition No. RZ09-009/CV09-018

### HEARING & MEETING DATES

| Community Zoning Information Meeting | Design Review Board Meeting | Community Developer Resolution Meeting | Planning Commission Hearing | Mayor and City Council Hearing |
|---|---|---|---|---|
| November 24, 2009 | N/A | December 16, 2009 | January 21, 2010 | February 16, 2010 |

### APPLICANT/PETITIONER INFORMATION

| Property Owners | Petitioner | Representative |
|---|---|---|
| Kadampa Meditation Center | Rameshori Buddhist Center | Steve Rothman, Esq. |

### PROPERTY INFORMATION

| | |
|---|---|
| Address, Land Lot, and District | 6860 Peachtree Dunwoody Road Land Lot 20, District 17 |
| Council District | 4 |
| Frontage and Area | 306 feet of frontage along the north side of Peachtree Dunwoody Court and 155 feet of frontage along the west side Peachtree Dunwoody Road. The subject property has a total area of approximately 2.01 acres (87,363 sq.ft.). |
| Existing Zoning and Use | O-I (Office and Institutional District) conditional under zoning case Z96-096. The property is developed with a bed and breakfast. |
| Overlay District | PCID |
| 2027 Comprehensive Future Land Use Map Designation | R12-20 (Residential 12 to 20 units per acre), Node 11: Peachtree-Dunwoody Road, north of Abernathy |
| Proposed Zoning | O-I (Office and Institutional District) |

### INTENT
FROM O-I (OFFICE AND INSTITUTIONAL DISTRICT) CONDITIONAL TO O-I (OFFICE AND INSTITUTIONAL DISTRICT) CONDITIONAL, WITH CONCURRENT VARIANCE(S), TO ALLOW FOR A PLACE OF WORSHIP, HAVING ACCESSORY USES, AND TO ALLOW FOR A BOARDING HOUSE.

The current conditions of zoning limit the use to a four (4) bedroom Bed & Breakfast. The applicant is requesting to rezone the subject property from O-I (Office and Institutional District) conditional to O-I (Office and Institutional District) conditional to allow for a Place of Worship, having accessory uses, and to allow for a boarding house, all to operate within an existing 7,430 square foot building. The accessory retail use would only be for the sale of religious item related to the proposed place of worship, and the boarding house portion of the building would include eight (8) bedrooms.

Additionally, the applicant is requesting nine (9) concurrent variances as follows:

1. Variance from the Tree Conservation Ordinance, Administrative Standards, & Best Management Practices - Landscape Strips, Buffers, and Parking (F.1) to relieve the requirement of planting a large shade tree every 6 parking spaces for all new parking lots,

2. Variance from Section 4.23.2 of the Zoning Ordinance to eliminate the requirement to provide minimum ten (10) foot wide landscape islands at the end of each parking bay, and a ten (10) foot wide landscape island every sixth (6th) space for all new parking lots,

---

Prepared by the City of Sandy Springs Department of Community Development for the Planning Commission Hearing on January 21, 2010

DT 1.15.10

Page 1 of 21

RZ09-009

3.  Variance from Section 4.23.1.B of the Zoning Ordinance to reduce the  required twenty-five (25) foot zoning buffer and ten (10) foot improvement setback to a minimum of seven (7) feet from the east side property lines to allow for existing building, gravel drive, walkways, and porch,

4.  Variance from Section 4.23.1.B of the Zoning Ordinance to reduce the  required fifty (50) foot zoning buffer and ten (10) foot improvement setback to a minimum of two (2) feet from the western rear property line to allow for existing building, rear patio, gravel drive & parking spaces, and wall. And to allow for proposed retaining walls & a proposed ADA accessible/compliant path.

5.  Variance from Section 12B(1) of the Zoning Ordinance to reduce the required PCID streetscape improvements for rights-of-way designated as a "Street" (Peachtree Dunwoody Court) and as an "Avenue" (Peachtree Dunwoody Road),

6.  Variance from Section 18.3.1.E of the Zoning Ordinance to reduce the required twenty-five (25) foot spacing of parking (new) from any property of a single-family use to two (2) feet from the western rear property line,

7.  Variance from Section 18.3.1.E of the Zoning Ordinance to allow parking (new) located within a required setback for the side corner yard,

8.  Variance from Section 11.6 of the Development Regulation Ordinance regarding the minimum right-of-way standards to allow a dedication, from the street centerline of Peachtree Dunwoody Road, less than forty-five (45) feet, and

9.  Variance from Section 11.6 of the Development Regulation Ordinance regarding the minimum right-of-way standards to allow a dedication, from the street centerline of Peachtree Dunwoody Court, less than thirty (30) feet.

Prepared by the City of Sandy Springs Department of Community Development for the Planning Commission Hearing on January 21, 2010

DT 1.15.10                                                                                                    Page 2 of 21

## DEPARTMENT OF COMMUNITY DEVELOPMENT RECOMMENDATION

RZ09-009 – APPROVAL CONDITIONAL
CV09-018 #1 – APPROVAL CONDITIONAL
CV09-018 #2 – APPROVAL CONDITIONAL
CV09-018 #3 – APPROVAL CONDITIONAL
CV09-018 #4 – APPROVAL CONDITIONAL
CV09-018 #5 – APPROVAL CONDITIONAL
CV09-018 #6 – APPROVAL CONDITIONAL
CV09-018 #7 – APPROVAL CONDITIONAL
CV09-018 #8 – WITHDRAWN BY APPLICANT
CV09-018 #9 – WITHDRAWN BY APPLICANT

## PLANNING COMMISSION RECOMMENDATION

RZ09-009 – APPROVAL CONDITIONAL
CV09-018 #1 – APPROVAL CONDITIONAL
CV09-018 #2 – APPROVAL CONDITIONAL
CV09-018 #3 – APPROVAL CONDITIONAL
CV09-018 #4 – APPROVAL CONDITIONAL
CV09-018 #5 – APPROVAL CONDITIONAL
CV09-018 #6 – APPROVAL CONDITIONAL
CV09-018 #7 – APPROVAL CONDITIONAL
CV09-018 #8 – WITHDRAWN BY APPLICANT
CV09-018 #9 – WITHDRAWN BY APPLICANT

**January 21, 2010 Hearing:** Recommendation for approval subject to staff conditions amended as follows: The owner shall be required to obtain a Special Event Permit from the City on occasions where the necessary parking will or is expected to exceed the required 41 parking spaces, and no more than 5 Special Event Permits shall be issued to the owner per calendar year. Further amended to limit any monument/free standing sign to no more than a total of 32 square feet and limit the lighting to external. Approved (4-1, Thatcher, Boyken, Pond, and Rubenstein for; Rupnow against; Duncan not voting; Maziar absent).

Prepared by the City of Sandy Springs Department of Community Development for the Planning Commission Hearing on January 21, 2010

DT 1.15.10                                                                                                  Page 3 of 21

## Location Map

### 6860 Peachtree Dunwoody Road



Prepared by the City of Sandy Springs Department of Community Development for the Planning Commission Hearing on January 21, 2010

DT 1.15.10

Page 4 of 21

## BACKGROUND

The site is located at the northwest corner of the intersection of Peachtree-Dunwoody Road and Peachtree-Dunwoody Court, approximately 3,300 feet north of the intersection with Abernathy Road. The subject property is zoned O-I (Office and Institutional District) conditional under Z96-096 and is currently developed with a bed and breakfast. The conditions of Z96-096 include limiting the aforementioned bed and breakfast to four (4) bedrooms within the existing structure.

## EXISTING LAND USE AND ZONING OF ABUTTING PROPERTY

| SUBJECT PETITION RZ09-009/ CV09-018 | Requested Zoning | Proposed Use | Land Area (Acres) | Square Footage or Number of Units | Density (Square Feet or Units per Acre) |
|---|---|---|---|---|---|
| | O-I | Place of Worship | 2.01 | 7,430 sf | 3,696.52 sf/acre |

| Location in relation to subject property | Zoning | Use | Land Area (Acres) | Square Footage or Number of Units | Density (Square Feet or Units Per Acre) |
|---|---|---|---|---|---|
| North | O-I conditional Z85-072 | MARTA – 7010 Peachtree-Dunwoody Road | 27.70 | 1,074,760 sf | 38,800 sf/acre |
| Northeast | O-I conditional Z98-044 | Office/Residence | 0.92 | 2,007 sf Or 1 unit | 2,181.52 sf/acre Or 1.087 units/acre |
| East | A-L conditional Z88-159 | Dunwoody Courtyard apartments – 6871 Peachtree-Dunwoody Road | 8.50 | 240 units | 28.23 units/acre |
| South | A-L conditional Z97-037 | Dunwoody Place apartments – 6850 Peachtree-Dunwoody Road | 17.81 | 398 units | 22.35 units/acre |
| West | O-I conditional Z85-074 | Office/Residence | 1.16 | 4,500 sf Or 1 unit | 3,879.31 sf/acre Or 0.862 units/acre |

Prepared by the City of Sandy Springs Department of Community Development for the Planning Commission Hearing on January 21, 2010

DT 1.15.10

Page 5 of 21

## Zoning Map

## 6860 Peachtree Dunwoody Road



Prepared by the City of Sandy Springs Department of Community Development for the Planning Commission Hearing on January 21, 2010

DT 1.15.10

Page 6 of 21



Future Land Use Map

6860 Peachtree Dunwoody Road

Prepared by the City of Sandy Springs Department of Community Development for the Planning Commission Hearing on January 21, 2010

DT 1.15.10

Page 7 of 21

RZ09-009



| Subject Property facing north | North of the subject property |
|---|---|
| East of the Subject Property (Dunwoody Courtyards Multi-family) | South of the Subject Property (Dunwoody Place Multi-family) |

Prepared by the City of Sandy Springs Department of Community Development for the Planning Commission Hearing on January 21, 2010

DT 1.15.10                                                                                          Page 8 of 21

RZ09-009



West of the Subject Property

Sign

Sign

Prepared by the City of Sandy Springs Department of Community Development for the Planning Commission Hearing on January 21, 2010

DT 1.15.10

Page 9 of 21

## SITE PLAN ANALYSIS

The submitted site plan shows an "L" shaped lot having an existing structure zoned for Bed and Breakfast use. The subject property adjoins the Northsprings MARTA station property to the north, a small office to the west, Dunwoody Place apartments to the south, and Dunwoody Courtyard apartments to the east. The site plan indicates proposed new gravel parking areas and a new porch entry with an ADA compliant ramp. The site plan also indicates the total impervious surface and gravel areas to be 33% of the total lot area and indicates undeveloped/open space to be 45% of the total lot area.

## PARKING AND TRAFFIC IMPACT ANALYSIS

Section 18.2.1, *Basic Off-street Parking Requirements*, requires a minimum amount of parking spaces for Places of Worship and Boarding Houses. The proposed Place of Worship and Boarding House would require 41 spaces, but because of property's proximity to the MARTA station, the applicant is permitted a 15% reduction in the required parking. When the required parking (41 spaces) is reduced by 15%, the total required parking becomes 35 spaces. The applicant has provided forty-one (41) spaces.

## LANDSCAPE PLAN ANALYSIS

The site plan shows 131 existing trees within the subject property. The applicant proposes to eliminate 14 trees as a part of proposed land disturbance. Additionally, the site plan indicates undeveloped/open space to be 45% of the net lot area.

## ENVIRONMENTAL SITE ANALYSIS

The Environmental Site Analysis Report is sufficient and satisfies the requirements of the Sandy Springs Zoning Ordinance. The reporting on all items of the analysis stated either positive, minimal, or no environmental issues, with the exception of the following: a stream is located on the north-eastern corner of the property line. The report, in its entirety, is within the case file as a matter of record.

Prepared by the City of Sandy Springs Department of Community Development for the Planning Commission Hearing on January 21, 2010

DT 1.15.10

Page 10 of 21

## DEPARTMENT COMMENTS

The staff held a Focus Meeting on December 2, 2009 at which the following departmental comments were provided:

| | | |
|---|---|---|
| **BUILDING & DEVELOPMENT DIVISION** | Sandy Springs Assistant Director of Building and Permitting | This project is a renovation of an existing two story Type V-B building which was originally built as a residence. The most recent use of the building may have been a Bed and Breakfast although I have not verified this. The proposed occupancy will probably be an Assembly (religious worship) with offices, a small meeting room, sleeping rooms for approximately 8 people, a kitchen with dining area, general administrative office space, an art studio, and laundry room. We do not have drawings of the existing building or the proposed changes at this time. The actual Occupancy cannot be determined until we have drawings of the proposed changes.<br><br>The following is a list of some but not all of the upgrades that will probably be required:<br><br>• Fire sprinklers<br>• Structural work to bring floors up to the required load capacity<br>• Reworking of existing stairs and possibly new stairs to meet code<br>• Electrical upgrades including exit lights, emergency lights, strobes and smoke detectors.<br>• Handicap access to all areas<br>• Reworking of restrooms to meet accessibility code<br>• Additional exits<br>• Fire extinguishers<br>• Reworking doors, door hardware, addition of ramps to provide accessibility code compliance.<br>• Approval of the Fulton County Health Department for the kitchen<br>• Approval of Fulton County Public Works for the grease trap<br>• Possibly fire barriers or partitions<br>• A change of occupancy would require compliance with all current codes |
| | Sandy Springs Development Plan Review Engineer | ▪ The applicant should be aware that Fulton County Public Works operates and maintains the sanitary sewer infrastructure in this area, and that the Fulton County Department of Health and Wellness regulates on-site sewage disposal (septic systems) in this area. Where an onsite sewage disposal system (septic) serves a property or is proposed to serve a property, the Fulton County Department of Health and Wellness will act in accordance with their policy in determining if a new septic system can be approved, if an existing septic system can be modified, or if connection to available sewer will be required.<br><br>▪ When the City of Sandy Springs reviews a permit application that proposes a new septic system or proposes improvements that would impact an existing septic system, the City of Sandy Springs will require approval from Fulton County for septic impacts or for sewer connections. |

Prepared by the City of Sandy Springs Department of Community Development for the Planning Commission Hearing on January 21, 2010

DT 1.15.10

Page 11 of 21

| | | |
|---|---|---|
| | Sandy Springs Landscape Architect/Arborist | • There is a feature on the northeast side of the site or just off the site that would require a buffer. Should not impact the proposed work. |
| **FIRE DEPT.** | Sandy Springs Fire Protection Engineer | • The main road shall comply with 120-3-3 revisions to IFC: "503.1.1 Buildings and facilities. Approved fire apparatus access roads shall be provided for every facility, building or portion of a building hereafter constructed or moved into or within the jurisdiction as determined by the local Fire Chief and/or Fire Code Official of the responding fire department or agency. The fire apparatus access road shall comply with the requirements of this section and shall extend to within 150 feet (45.7 m) of all portions of the facility or any portion of the exterior wall of the first story of the building as measured by an approved route around the exterior of the building or facility."<br>• Fire department vehicular access shall be maintained at all times along all public roads and designated fire lanes on a private property. |
| **TRANSPORTATION** | Sandy Springs Transportation Planner | Right-of-way dedication:  45' from centerline of Peachtree Dunwoody Rd<br> 30' from centerline of Peachtree Dunwoody Ct<br>Right-of-way reservation: 55' from centerline of Peachtree Dunwoody Rd<br><br>No access or curb cut on Peachtree Dunwoody Road will be allowed. |
| | Georgia Department of Transportation | • There are no GDOT projects at the location for petition RZ09-009. |

The staff has not received any additional comments from the Fulton County Board of Education.

Prepared by the City of Sandy Springs Department of Community Development for the Planning Commission Hearing on January 21, 2010

DT 1.15.10

Page 12 of 21

**PUBLIC INVOLVEMENT**

*Required Meetings*

The applicant attended the following required meetings:
- Community Zoning Information Meeting held November 24, 2009 at the Sandy Springs City Hall
- Community/Developer Resolution Meeting held December 16, 2009 at the Sandy Springs City Hall

*Public Comments (Please see attached letters)*

Community input includes the following:

- Parking Overflow (The applicant has not utilized the MARTA deduction and has provided the required amount of parking. See site plan.)
- Curb-cuts and traffic management (The applicant has chosen to utilize only the one existing curb cut farthest west on the subject property. See Conditions)
- Septic usage (The applicant is currently working with Fulton County Health and Wellness to satisfy any regulatory issues.)
- Outdoor lighting and noise level (The lighting to be addressed by the applicant)
- Pedestrian connectivity (The applicant has chosen to utilize only the existing curb cut farthest west on the subject property, and has chosen to utilize the eastern portion of the existing driveway as a pedestrian pathway. See Conditions)

*Notice Requirements*

The petition was advertised in the Daily Report on January 14, 2010 and January 28, 2010. The applicant posted signs issued by the Department of Community Development along the frontages of Peachtree Dunwoody Road and Peachtree Dunwoody Court on December 11, 2009.

*Public Participation Plan and Report*

The applicant has met the Public Participation Plan requirements. The applicant will be required to submit the Public Participation Report seven (7) days prior to the Mayor and City Council Hearing on February 16, 2010. The Public Participation Report must be submitted on or before February 9, 2010.

**ZONING IMPACT ANALYSIS**

Per Article 28.4.1, *Zoning Impact Analysis by the Planning Commission and the Department*, the staff shall make a written record of its investigation and recommendation on each rezoning petition with respect to the following factors:

*A. Whether the zoning proposal will permit a use that is suitable in view of the use and development of adjacent and nearby property.*

Finding:   The staff is of the opinion that the proposed Place of Worship is appropriate in view of the density and use of the surrounding developments.

*B. Whether the zoning proposal will adversely affect the existing use or usability of adjacent or nearby property.*

Finding:   The staff is of the opinion that the proposal is not expected to adversely affect the existing use or usability of adjacent commercial and residential properties.

*C. Whether the property to be affected by the zoning proposal may have reasonable economic use as currently zoned.*

Prepared by the City of Sandy Springs Department of Community Development for the Planning Commission Hearing on January 21, 2010

DT 1.15.10                                                                                    Page 13 of 21

Finding:        The staff is of the opinion that the property has a reasonable economic use as currently zoned.

D. *Whether the zoning proposal will result in a use which will or could cause an excessive burdensome use of existing streets, transportation facilities, utilities, or schools.*

Finding:        The staff anticipates that the proposal will have limited impact on the existing infrastructure. The increase in traffic on Peachtree-Dunwoody Road or Peachtree-Dunwoody Court is not expected to be significant.

E. *Whether the zoning proposal is in conformity with the policies and intent of the land use plan.*

Finding:        The staff is of the opinion that the owner/developer's proposal for a Place of Worship, having accessory uses, and for a Boarding House is in conformity with the Comprehensive Plan or Future Land Use Map, which designates the property as R12-20 (Residential 12 to 20 units per acre), Node 11: Peachtree-Dunwoody Road, north of Abernathy. O-I (Office and Institutional) provides for a residential component, and permits the requested Place of Worship and Boarding House. Staff notes it is not uncommon for Institutional Uses, such as Places of Worship, to be within not only commercial developments, but to be part of residential developments as well.

The staff is of the opinion that the proposed use is suitable in view of the use and development of adjacent and nearby property. The surrounding area, to the east, south, and west, consists of multi-family residences. The adjoining land, to the west and east, consists of lots commercially zoned having residential structures. Additionally, the adjoining land, to the north, consists of a parcel commercially zoned having a MARTA facility. The proposal allows for a proper transition between these areas within Node 11: Peachtree-Dunwoody Road, north of Abernathy.

The subject property is within a Transit-Oriented Activity Center that envisions character defining features including a mixture of uses and improvements that would be some redevelopment and retrofitting.

F. *Whether there are other existing or changing conditions affecting the use and development of the property which give supporting grounds for either approval or disapproval of the zoning proposal.*

Finding:        The staff is of the opinion that there are no existing or changing conditions affecting the use and development of the property, which give supporting grounds for approval or denial of the applicant's proposal.

G. *Whether the zoning proposal will permit a use which can be considered environmentally adverse to the natural resources, environment and citizens of Sandy Springs.*

Finding:        The staff is of the opinion that the zoning proposal will not permit a use which can be considered environmentally adverse to the natural resources, environment and citizens of Sandy Springs.

Prepared by the City of Sandy Springs Department of Community Development for the Planning Commission Hearing on January 21, 2010

DT 1.15.10                                                                                       Page 14 of 21

## VARIANCE CONSIDERATIONS

Article 22 of the Zoning Ordinance indicates the following are considerations in granting variances, of which only one has to be proven:

A. *Relief, if granted, would be in harmony with, or, could be made to be in harmony with, the general purpose and intent of the Zoning Ordinance; or,*
B. *The application of the particular provision of the Zoning  Ordinance to a particular piece of property, due to extraordinary and exceptional conditions pertaining to that property because of its size, shape, or topography, would create an unnecessary hardship for the owner while causing no detriment to the public; or,*
C. *Conditions resulting from existing foliage or structures bring about a hardship whereby a sign meeting minimum letter size, square footage and height requirements cannot be read from an adjoining public road.*

The applicant is requesting nine (9) concurrent variances as follows:

1. Variance from the Tree Conservation Ordinance, Administrative Standards, & Best Management Practices - Landscape Strips, Buffers, and Parking (F.1) to relieve the requirement of planting a large shade tree every 6 parking spaces for all new parking lots.

   The applicant has indicated this variance will not result in any harm to the health and safety of the general public and that application of the requirement would place a hardship on the applicant. The applicant has indicated that this variance is in harmony with the area and in harmony with the general purpose and intent of the Zoning Ordinance.

   *The staff is of the opinion the variance request is in harmony with the intent of the Zoning Ordinance and the proposal will not pose a detriment to the public because significant existing vegetation could be saved by the proposed parking layout and serves the intent of the required parking lot landscaping. Therefore, based on these reasons, the staff recommends **APPROVAL** of the variance to relieve the requirement of planting a large shade tree every 6 parking spaces for all parking lots.*

2. Variance from Section 4.23.2 of the Zoning Ordinance to eliminate the requirement to provide minimum ten (10) foot wide landscape islands at the end of each parking bay, and a ten (10) foot wide landscape island every sixth (6th) space for all new parking lots.

   The applicant has indicated this variance will not result in any harm to the health and safety of the general public and that application of the requirement would place a hardship on the applicant. The applicant has indicated that this variance is in harmony with the area and in harmony with the general purpose and intent of the Zoning Ordinance.

   *The staff is of the opinion the variance request is in harmony with the intent of the Zoning Ordinance and the proposal will not pose a detriment to the public because significant existing vegetation could be saved by the proposed parking layout and serves the intent of the required parking lot landscaping. Therefore, based on these reasons, the staff recommends **APPROVAL** of the variance to eliminate the requirement to provide minimum ten (10) foot wide landscape islands at the end of each parking bay, and a ten (10) foot wide landscape island every sixth (6th) space for all parking lots.*

3. Variance from Section 4.23.1.B of the Zoning Ordinance to reduce the  required twenty-five (25) foot zoning buffer and ten (10) foot improvement setback to a minimum of seven (7) feet from the east side property lines to allow for existing building, gravel drive, walkways, and porch.

Prepared by the City of Sandy Springs Department of Community Development for the Planning Commission Hearing on January 21, 2010

DT 1.15.10                                                                                                    Page 15 of 21

RZ09-009

The applicant has indicated this variance will not result in any harm to the health and safety of the general public and that application of the requirement would place a hardship on the applicant. The applicant has indicated that this variance is in harmony with the area and in harmony with the general purpose and intent of the Zoning Ordinance.

*The staff is of the opinion the variance request is in harmony with the intent of the Zoning Ordinance and the proposal will not pose a detriment to the public because the structures are existing and sufficiently buffered. Therefore, based on these reasons, the staff recommends **APPROVAL** of the variance to reduce the required twenty-five (25) foot zoning buffer and ten (10) foot improvement setback to a minimum of seven (7) feet from the east side property lines to allow for existing building, gravel drive, walkways, and porch.*

4. Variance from Section 4.23.1.B of the Zoning Ordinance to reduce the required fifty (50) foot zoning buffer and ten (10) foot improvement setback to a minimum of two (2) feet from the western rear property line to allow for existing building, gravel drive & parking spaces, and wall. And to allow for proposed retaining walls & a proposed ADA accessible/compliant path.

   The applicant has indicated this variance will not result in any harm to the health and safety of the general public and that application of the requirement would place a hardship on the applicant. The applicant has indicated that this variance is in harmony with the area and in harmony with the general purpose and intent of the Zoning Ordinance.

   *The staff is of the opinion the variance request is in harmony with the intent of the Zoning Ordinance and the proposal will not pose a detriment to the public because the structures are existing or proposed and sufficiently buffered. Therefore, based on these reasons, the staff recommends **APPROVAL** of the variance to reduce the required fifty (50) foot zoning buffer and ten (10) foot improvement setback to a minimum of two (2) feet from the western rear property line to allow for existing building, gravel drive & parking spaces, and wall.*

5. Variance from Section 12B(1) of the Zoning Ordinance to reduce the required PCID streetscape improvements for rights-of-way designated as a "Street" (Peachtree Dunwoody Court) and as an "Avenue" (Peachtree Dunwoody Road).

   The applicant has indicated this variance will not result in any harm to the health and safety of the general public and that application of the requirement would place a hardship on the applicant. The applicant has indicated that this variance is in harmony with the area and in harmony with the general purpose and intent of the Zoning Ordinance.

   *The staff is of the opinion the variance request is in harmony with the intent of the Zoning Ordinance and the proposal will not pose a detriment to the public because an existing sidewalk along the subject property's frontage on Peachtree Dunwoody Road currently serves the immediate area. Any further streetscape improvements in this area would affect the rootzone of existing trees. Additionally, a sidewalk on the along the south side of Peachtree Dunwoody Court currently serves that area. Therefore, based on these reasons, the staff recommends **APPROVAL** of the variance to reduce the required PCID streetscape improvements for rights-of-way designated as a "Street" (Peachtree Dunwoody Court) and as an "Avenue" (Peachtree Dunwoody Road).*

6. Variance from Section 18.3.1.E of the Zoning Ordinance to reduce the required twenty-five (25) foot spacing of parking (new) from any property of a single-family use to two (2) feet from the western rear property line.
   The applicant has indicated this variance will not result in any harm to the health and safety of the general public and that application of the requirement would place a hardship on the applicant. The applicant has indicated that this variance is in harmony with the area and in harmony with the general purpose and intent of the Zoning Ordinance.

Prepared by the City of Sandy Springs Department of Community Development for the Planning Commission Hearing on January 21, 2010

DT 1.15.10                                                                                                    Page 16 of 21

Nadam

Eep

## CONCLUSION TO FINDINGS

It is the opinion of the staff that the proposal is in conformity with the intent of the Comprehensive Plan Policies and the Future Land Use Map, as the proposal involves a use and density that is consistent with abutting and nearby properties. Therefore, based on these reasons, the staff recommends **APPROVAL CONDITIONAL** of this petition. The staff also recommends approval of the associated concurrent variances numbered 1 through 7 and approval of a variance from the Zoning Ordinance to reduce the minimum yards and landscape strips (adjacent to Peachtree Dunwoody Court) to the extent necessary for the existing structures and proposed parking areas, as shown on the recommended Site Plan, to comply.

Prepared by the City of Sandy Springs Department of Community Development for the Planning Commission Hearing on January 21, 2010

DT 1.15.10

Page 18 of 21

## STAFF RECOMMENDED CONDITIONS

Should the Mayor and City Council decide to approve the petition to rezone the subject property from O-I (Office and Institutional District) conditional to O-I (Office and Institutional District) conditional, with Concurrent Variance(s), to allow for a Place of Worship, having accessory uses, and to allow for a boarding house, the staff recommends the approval be subject to the following conditions.   The applicant's agreement to these conditions would not change staff recommendations.   These conditions shall prevail unless otherwise stipulated by the Mayor and City Council.

1. To the owner's agreement to restrict the use of the subject property as follows:            ④ ? ⑧

    a. To a Place of Worship having accessory uses and to a Boarding House.
       *No more 12*

    b. To a 7,430 square foot building having eight (8) dormitory bedrooms developed at a density of 3,696.52 square feet per acre.

    c. The owner shall obtain a Special Event Permit from the City on occasions where the necessary parking will or is expected to exceed the required 41 parking spaces, and no more than 5 Special Event Permits shall be issued to the owner per calendar year.

       *D Neighbor in office complex w/o agreement*

2. To the owner's agreement to abide by the following:

    a. To the site plan received by the Department of Community Development on January 11, 2010. Said site plan is conceptual only and must meet or exceed the requirements of the Zoning Ordinance, the Development Standards contained therein, and these conditions prior to the approval of a Land Disturbance Permit. The applicant shall be required to complete the concept review procedure prior to application for a Land Disturbance Permit. Unless otherwise noted herein, compliance with all conditions shall be in place prior to the issuance of a Certificate of Occupancy.

    b. To limit any monument/free standing sign to no more than a total of 32 square feet and limit the lighting to external.

3. To the owner's agreement to provide the following site development standards:

    a. Variance from the Tree Conservation Ordinance, Administrative Standards, & Best Management Practices - Landscape Strips, Buffers, and Parking (F.1) to relieve the requirement of planting a large shade tree every 6 parking spaces for all new parking lots (CV09-018).

    b. Variance from Section 4.23.2 of the Zoning Ordinance to eliminate the requirement to provide minimum ten (10) foot wide landscape islands at the end of each parking bay, and a ten (10) foot wide landscape island every sixth (6th) space for all new parking lots (CV09-018).

    c. Variance from Section 4.23.1.B of the Zoning Ordinance to reduce the required twenty-five (25) foot zoning buffer and ten (10) foot improvement setback to a minimum of seven (7) feet from the east side property lines to allow for existing building, gravel drive, walkways, and porch (CV09-018).

    d. Variance from Section 4.23.1.B of the Zoning Ordinance to reduce the required fifty (50) foot zoning buffer and ten (10) foot improvement setback to a minimum of two (2) feet from the western rear property line to allow for existing building, rear patio, gravel drive & parking spaces, and wall. And to allow for proposed retaining walls & a proposed ADA accessible/compliant path (CV09-018).

Prepared by the City of Sandy Springs Department of Community Development for the Planning Commission Hearing on January 21, 2010

DT 1.15.10                                                                                              Page 19 of 21

e. Variance from Section 12B(1) of the Zoning Ordinance to reduce the required PCID streetscape improvements for rights-of-way designated as a "Street" (Peachtree Dunwoody Court) and as an "Avenue" (Peachtree Dunwoody Road) (CV09-018).

f. Variance from Section 18.3.1.E of the Zoning Ordinance to reduce the required twenty-five (25) foot spacing of parking (new) from any property of a single-family use to two (2) feet from the western rear property line (CV09-018).

g. Variance from Section 18.3.1.E of the Zoning Ordinance to allow parking (new) located within a required setback for the side corner yard (CV09-018).

h. Variance from the Zoning Ordinance to reduce the minimum yards and landscape strips (adjacent to Peachtree Dunwoody Court) to the extent necessary for the existing structures and proposed parking areas, as shown on the recommended Site Plan, to comply (CV09-018).

i. No access or curb cut on Peachtree Dunwoody Road will be allowed.

j. The existing eastern curbcut on Peachtree Dunwoody Court (adjacent to Peachtree Dunwoody Road) shall be blocked in a manor to eliminate vehicular ingress/egress as determined by the Director of Public Works. The existing driveway serving the aforementioned curbcut shall be converted for pedestrian use/connectivity in accordance with the site plan received by the Department of Community Development on January 11, 2010 and as determined by the Director of Community Development.

k. The owner/developer shall dedicate thirty (30) feet of right-of-way from centerline of Peachtree Dunwoody Court along the entire property frontage or ten and one-half (10.5) feet from back of curb, whichever is greater, to the City of Sandy Springs.

l. The owner/developer shall dedicate forty-five (45) feet of right-of-way from centerline of Peachtree Dunwoody Road along the entire property frontage or ten and one-half (10.5) feet from back of curb, whichever is greater, to the City of Sandy Springs.

m. Reserve for the City of Sandy Springs along the necessary property frontage of the following roadways, prior to the approval of a Land Disturbance permit, sufficient land as necessary to provide for compliance with the Comprehensive Plan. All building setback lines shall be measured from the dedication but at no time shall a building be allowed inside the area of reservation. All required landscape strips and buffers shall straddle the reservation line so that the reservation line bisects the required landscape strip or buffer. At a minimum, 10 feet of the required landscape strip or buffer shall be located outside the area of reservation. All required tree plantings per Article 4.23 shall be placed within the portion of the landscape strip or buffer that lies outside the area of reservation.

Fifty-five (55) feet from centerline of Peachtree Dunwoody Road.

Prepared by the City of Sandy Springs Department of Community Development for the Planning Commission Hearing on January 21, 2010

DT 1.15.10

Page 20 of 21

**Attachments**

Site Plan dated received January 11, 2010
Existing Survey dated received October 30, 2009
Sectional Drawings dated received January 25, 2010
Letters of Intent dated received October 30, 2009, November 18, 2009, and January 11, 2010
Applicant Zoning Impact Analysis dated received October 30, 2009
Dept. of Transportation letter dated June 5, 2009
Letter Fulton County Dept. of the Environment & Community Development received December 10, 2009
Letter Fulton County Dept. of Health and Wellness received December 10, 2009
Letter City of Atlanta Dept. of Watershed Management received January 5, 2010
Letter of Opposition dated received January 20, 2010

Prepared by the City of Sandy Springs Department of Community Development for the Planning Commission Hearing on January 21, 2010

DT 1.15.10

Page 21 of 21



SANDY SPRINGS
GEORGIA

February 17, 2010

Stephen Rothman
Wilson, Brock, & Irby, L.L.C.
2849 Paces Ferry Road, Suite 700
Atlanta, GA 30339

Subject:   **Approval of Rezoning – RZ09-009/CV09-018  6860 Peachtree Dunwoody Road**

Dear Mr. Rothman:

Please be advised, the City of Sandy Springs Mayor and City Council approved the rezoning of property located at 6860 Peachtree Dunwoody Road. Rezoning petition RZ09-009/CV09-018 was approved to rezone the subject property from O-I (Office and Institutional District) conditional to O-I (Office and Institutional District) conditional to allow for a Place of Worship, having accessory uses, and to allow for a Boarding House by the Mayor and City Council at the February 16, 2010 hearing, subject to the following conditions:

1.  To the owner's agreement to restrict the use of the subject property as follows:

    a.  To a Place of Worship having accessory uses and to a Boarding House.

    b.  To a 7,430 square foot building developed at a density of 3,696.52 square feet per acre. There shall be no more than twelve (12) overnight occupants at any time.

    c.  The owner shall obtain a Special Event Permit from the City on occasions where the necessary parking will or is expected to exceed the required 41 parking spaces, and no more than 5 Special Event Permits shall be issued to the owner per calendar year.

    d.  There shall be no parking in surrounding neighborhoods and office developments without written agreement(s).

2.  To the owner's agreement to abide by the following:

    a.  To the site plan received by the Department of Community Development on January 11, 2010. Said site plan is conceptual only and must meet or exceed the requirements of the Zoning Ordinance, the Development Standards contained therein, and these conditions prior to the approval of a Land Disturbance Permit. The applicant shall be required to complete the concept review procedure prior to application for a Land Disturbance Permit. Unless otherwise noted herein, compliance with all conditions shall be in place prior to the issuance of a Certificate of Occupancy.

    b.  To limit any monument/free standing sign to no more than a total of 32 square feet and limit the lighting to external.

3. To the owner's agreement to provide the following site development standards:

   a. Variance from the Tree Conservation Ordinance, Administrative Standards, & Best Management Practices - Landscape Strips, Buffers, and Parking (F.1) to relieve the requirement of planting a large shade tree every 6 parking spaces for all new parking lots (CV09-018).

   b. Variance from Section 4.23.2 of the Zoning Ordinance to eliminate the requirement to provide minimum ten (10) foot wide landscape islands at the end of each parking bay, and a ten (10) foot wide landscape island every sixth (6th) space for all new parking lots (CV09-018).

   c. Variance from Section 4.23.1.B of the Zoning Ordinance to reduce the required twenty-five (25) foot zoning buffer and ten (10) foot improvement setback to a minimum of seven (7) feet from the east side property lines to allow for existing building, gravel drive, walkways, and porch (CV09-018).

   d. Variance from Section 4.23.1.B of the Zoning Ordinance to reduce the required fifty (50) foot zoning buffer and ten (10) foot improvement setback to a minimum of two (2) feet from the western rear property line to allow for existing building, rear patio, gravel drive & parking spaces, and wall. And to allow for proposed retaining walls & a proposed ADA accessible/compliant path (CV09-018).

   e. Variance from Section 12B(1) of the Zoning Ordinance to reduce the required PCID streetscape improvements for rights-of-way designated as a "Street" (Peachtree Dunwoody Court) and as an "Avenue" (Peachtree Dunwoody Road) (CV09-018).

   f. Variance from Section 18.3.1.E of the Zoning Ordinance to reduce the required twenty-five (25) foot spacing of parking (new) from any property of a single-family use to two (2) feet from the western rear property line (CV09-018).

   g. Variance from Section 18.3.1.E of the Zoning Ordinance to allow parking (new) located within a required setback for the side corner yard (CV09-018).

   h. Variance from the Zoning Ordinance to reduce the minimum yards and landscape strips (adjacent to Peachtree Dunwoody Court) to the extent necessary for the existing structures and proposed parking areas, as shown on the recommended Site Plan, to comply (CV09-018).

   i. No access or curb cut on Peachtree Dunwoody Road will be allowed.

   j. The existing eastern curbcut on Peachtree Dunwoody Court (adjacent to Peachtree Dunwoody Road) shall be blocked in a manor to eliminate vehicular ingress/egress as determined by the Director of Public Works. The existing driveway serving the aforementioned curbcut shall be converted for pedestrian use/connectivity in accordance with the site plan received by the Department of Community Development on January 11, 2010 and as determined by the Director of Community Development.

k.  The owner/developer shall dedicate thirty (30) feet of right-of-way from centerline of Peachtree Dunwoody Court along the entire property frontage or ten and one-half (10.5) feet from back of curb, whichever is greater, to the City of Sandy Springs.

l.  The owner/developer shall dedicate forty-five (45) feet of right-of-way from centerline of Peachtree Dunwoody Road along the entire property frontage or ten and one-half (10.5) feet from back of curb, whichever is greater, to the City of Sandy Springs.

m.  Reserve for the City of Sandy Springs along the necessary property frontage of the following roadways, prior to the approval of a Land Disturbance permit, sufficient land as necessary to provide for compliance with the Comprehensive Plan. All building setback lines shall be measured from the dedication but at no time shall a building be allowed inside the area of reservation. All required landscape strips and buffers shall straddle the reservation line so that the reservation line bisects the required landscape strip or buffer. At a minimum, 10 feet of the required landscape strip or buffer shall be located outside the area of reservation. All required tree plantings per Article 4.23 shall be placed within the portion of the landscape strip or buffer that lies outside the area of reservation.

Fifty-five (55) feet from centerline of Peachtree Dunwoody Road.

n.  The accessory retail use within the Place of Worship shall not exceed fifty (50) square feet.

o.  The proposed on-site parking spaces shall be delineated subject to the approval of the Director of Community Development.

If it is necessary to submit plans for any permits associated with this property, please submit a copy of this letter as an attachment.

Please call me at (770) 730-5600 if you have any questions.

Sincerely,

*Patrice S. Ruffin*

Patrice S. Ruffin, AICP
Assistant Director of Planning and Zoning

<table>
<tr><td>Certification of Approval</td></tr>
<tr><td>I hereby certify that the subject case was approved by the Mayor and City Council of the City of Sandy Springs with the associated conditions on the above stated hearing date.</td></tr>
<tr><td>Michael Casey     2/19/2010<br>City Clerk     Date</td></tr>
</table>

X:\CommunityDevelopment\Planning & Zoning\Zoning - Rezonings & Use Permits Cases and sign template\RZ 2009\RZ09-009 6860 Peachtree Dunwoody Road\Approval RZ09-009.doc

Page 3 of 3