## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA

CHURCH OF SCIENTOLOGY OF GEORGIA )
INC., a Georgia Corporation, )
                                        )
         Plaintiff, )
                                        )
v.                                   ) CIVIL ACTION FILE NO.
                                        )    1:10-CV-0082-CAP
CITY OF SANDY SPRINGS, GEORGIA )
a Municipal Corporation of the )
State of Georgia; the CITY COUNCIL )
of the CITY OF SANDY SPRINGS, )
GEORGIA, EVA GALAMBOS, Mayor of )
the City of Sandy Springs, Georgia; )
and JOHN PAULSON, DIANNE FRIES, )
WILLIAM COPPEDGE COLLINS, JR, )
ASHLEY JENKINS, TIBERIO DeJULIO )
and KAREN MEINZEN McENERNY, )
Individually in Their Official )
Capacities as Members of the CITY )
COUNCIL of the CITY OF SANDY )
SPRINGS, GEORGIA )
                                        )
         Defendants. )

## DEFENDANT'S RESPONSE TO PLAINTIFF'S SECOND INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS AND NOTICE TO PRODUCE TO DEFENDANTS

COMES NOW the City of Sandy Springs, Defendant in the above-styled

action, and provides these answers and objections to Plaintiff's Second



**PLAINTIFF'S EXHIBIT**

tabbies

26

Interrogatories and Request for Production of Documents and Notice to Produce to Defendants.

## GENERAL OBJECTIONS

1.

These responses, while based on diligent exploration by Defendant, reflect only the current state of Defendant's knowledge, understanding and belief with respect to the matters addressed. These responses are neither intended as, nor shall they in any way be deemed, admissions or representations that further information or documents do not exist. Without in any way obligating itself to do so, Defendant reserves the right to modify or supplement these responses with such pertinent information as may be subsequently discovered. Furthermore, these responses are given without prejudice to Defendant's right to use or reply on at any time, including trial, subsequently discovered information or documents, or information or documents omitted from these responses as a result of, among other things, mistake, error, oversight, or inadvertence.

2.

Defendant objects to each and every interrogatory to the extent it seeks to discover any attorney-client communication or documents and information protected by the work product doctrine. Nothing contained herein is intended to

be, nor shall it in any way be construed as, a waiver of any attorney-client privilege, work product privilege or any other applicable doctrine or privilege. Covered by such privilege or doctrine is information concerning analyses and evaluations of this case and related matters involving legal counsel. To the extent any interrogatory or corresponding document request may be construed as calling for disclosure of information protected by any such privilege or doctrine, a continuing objection to each and every such interrogatory and/or request is hereby incorporated.

3.

Defendant objects to each and every request for production of documents and things to the extent it seeks to discover any attorney-client communication or documents and information protected by the work product doctrine.   Nothing contained herein is intended to be, nor shall it in any way be construed as, a waiver of any attorney-client privilege, work product privilege or any other applicable doctrine or privilege. Covered by such privilege or doctrine is information concerning analyses and evaluations of this case and related matters involving legal counsel.   To the extent any interrogatory or corresponding document request may be construed as calling for disclosure of information protected by any such privilege or doctrine, a continuing objection to each and every such interrogatory

and/or request is hereby incorporated.

4.

The information supplied in these responses is not based solely on the knowledge of Defendant, but includes knowledge of its agents, representatives and attorneys, unless privileged.

5.

The word usage and sentence structure may be that of the attorneys assisting in the preparation of the responses and does not purport to be the precise language of the executing party.

6.

Defendant objects to any instructions and definitions contained in the interrogatories and/or request for production of documents to the extent that Plaintiff seeks to impose obligations not required by the Georgia Rules of Civil Procedure.

Without waiving the foregoing objections, Defendant responds to the specifically numbered interrogatories as follows:

## INTERROGATORY RESPONSES

1.

Please provide a list of any and all instances in which, during the zoning

process, the City requested that an applicant for a church or other place of worship provide the maximum capacity or maximum occupancy of each room (other than the largest assembly room) within the proposed church or place of worship.

## RESPONSE TO INTERROGATORY NO. 1

Rezonings:

> **RZ09-009/CV09-018**               **Approved 2-16-10**
> 6860 Peachtree Dunwoody Road
> Applicant: *Kadampa Mediation Center New York*

To rezone the subject property from O-1 conditional to O-1 to allow for a place of worship and a boarding house in the existing structure, with concurrent variances.

Use Permits:

> **U07-002/CV07-002**               **Approved 4-17-07**
> 5065 High Point Road
> Applicant: *Congregation Beth Tefillah, Inc.*

A use permit to allow for the addition of a 7,576 square foot preschool at the existing synagogue, with concurrent variances.

> **U07-003**                         **Approved 4-17-07**
> 5065 High Point Road
> Applicant: *Congregation Beth Tefillah, Inc.*

A use permit to allow for the addition of a 2,000 square foot mikvah at the existing synagogue.

> **U07-005**                         **Approved 7-17-07**
> 5855 Riverside Drive
> Applicant: *St. Andrews Presbyterian Church*

A use permit to allow for 10,000 square feet of the existing 25,000 square foot church building to be used for a special foreign language school with a preschool/kindergarten component.

**U07-012/CV07-025**                    **Approved 11-20-07**
590 Mt. Vernon Highway NE
Applicant: *Mt. Vernon Presbyterian School*

A use permit to allow for 3 temporary classrooms on the site to be used by Mt. Vernon Presbyterian School.

**U08-016/U08-017/CV08-033**           **Approved 3-17-09**
6025 Glenridge Drive
Applicant: *Lutheran Church of the Apostles*

A use permit to allow construction of an 8,770 square foot addition to the existing church and a use permit to allow a day care facility, with concurrent variances.

**U09-001/U09-002/U09-007**            **Approved 7-21-09**
5855 Riverside Drive
Applicant: *St. Andrew's Presbyterian Church*

A use permit to allow construction of a 2,000 square foot addition to the existing church and a use permit to expand enrollment at the existing special school facility.

**U10-004/CV10-007**
85 Mount Vernon Highway          **Approved 7-13-10**
Applicant: *Sandy Springs United Methodist Church*

Use Permit to allow for a Day Care Facility and an After School Program. The proposed Day Care Facility is currently operating out of the 45,650 SF Activity Center Building.

2.

Please provide a list of any and all instances in which, during the zoning

6

process, the City requested that an applicant for a church or other place of worship provide the maximum capacity or maximum occupancy of each accessory use within the proposed church or other place of worship.

## RESPONSE TO INTERROGATORY NO. 2

Rezonings:

    **RZ09-009/CV09-018**        **Approved 2-16-10**
    6860 Peachtree Dunwoody Road
    Applicant: *Kadampa Meditation Center New York*

To rezone the subject property from O-I conditional to O-I to allow for a place of worship and a boarding house in the existing structure, with concurrent variances.

Use Permits:

    **U07-002/CV07-002**        **Approved 4-17-07**
    5065 High Point Road
    Applicant: *Congregation Beth Tefillah, Inc.*

A use permit to allow for the addition of a 7,576 square foot preschool at the existing synagogue, with concurrent variances.

    **U07-003**        **Approved 4-17-07**
    5065 High Point Road
    Applicant: *Congregation Beth Tefillah, Inc.*

A use permit to allow for the addition of a 2,000 square foot mikvah at the existing synagogue.

    **U07-005**        **Approved 7-17-07**
    5855 Riverside Drive
    Applicant: *St. Andrews Presbyterian Church*

A use permit to allow for 10,000 square feet of the existing 25,000 square foot church building to be used for a special foreign language school with a preschool/kindergarten component

**U07-012/CV07-025**                    **Approved 11-20-07**
590 Mt. Vernon Highway NE
Applicant: *Mt. Vernon Presbyterian School*

A use permit to allow for 3 temporary classrooms on the site to be used by Mt. Vernon Presbyterian School.

**U08-016/U08-017/CV08-033**        **Approved 3-17-09**
6025 Glenridge Drive
Applicant: *Lutheran Church of the Apostles*

A use permit to allow construction of an 8,770 square foot addition to the existing church and a use permit to allow a day care facility, with concurrent variances.

**U09-001/U09-002/U09-007**          **Approved 7-21-09**
5855 Riverside Drive
Applicant: *St. Andrew's Presbyterian Church*

A use permit to allow construction of a 2,000 square foot addition to the existing church and a use permit to expand enrollment at the existing special school facility.

**U10-004/CV10-007**                    **Approved 7-13-10**
85 Mount Vernon Highway
Applicant: *Sandy Springs United Methodist Church*

Use Permit to allow for a Day Care Facility and an After School Program. The proposed Day Care Facility is currently operating out of the 45,650 SF Activity Center Building.

3.

Please provide a list of any and all instances in which, during the zoning

process, the City requested that an applicant for a church or other place of worship provide the anticipated growth in attendance or occupancy for the proposed church or other place of worship.

## RESPONSE TO INTERROGATORY NO. 3

Rezonings:

**RZ09-009/CV09-018**                    **Approved 2-16-10**
6860 Peachtree Dunwoody Road
Applicant: *Kadampa Meditation Center New York*

To rezone the subject property from O-I conditional to O-I to allow for a place of worship and a boarding house in the existing structure, with concurrent variances.

Use Permits:

**U07-005**                              **Approved 7-17-07**
5855 Riverside Drive
Applicant: *St. Andrews Presbyterian Church*

A use permit to allow for 10,000 square feet of the existing 25,000 square foot church building to be used for a special foreign language school with a preschool/kindergarten component

**U09-001/U09-002/U09-007**              **Approved 7-21-09**
5855 Riverside Drive
Applicant: *St. Andrew's Presbyterian Church*

A use permit to allow construction of a 2,000 square foot addition to the existing church and a use permit to expand enrollment at the existing special school facility.

4.

Other than the maximum occupancy pursuant to the fire code, did the City place any limitations on the occupancy of the Lutheran Church of the Apostle

9

located at 6025 Glenridge Drive?   If so, what limitations or restrictions were imposed?

## RESPONSE TO INTERROGATORY NO. 4

The accessory day care use was limited to no more than 135 students.

5.

Other than the maximum occupancy pursuant to the fire code, did the City place any limitations on the occupancy of the accessory uses at the Lutheran Church of the Apostles:  If so, what limitations or restrictions were imposed?

## RESPONSE TO INTERROGATORY NO. 5

The accessory day care use was limited to no more than 135 students.

6.

Were any limitations or restrictions placed on the use of the church offices, classrooms and other accessory uses while the largest place of assembly was in use at the Lutheran Church of the Apostles?  If so, what limitations or restrictions were imposed?

## RESPONSE TO INTERROGATORY NO. 6

The accessory day care use was limited to hours of operation of 6 a.m. to 7 p.m. Monday through Friday.

The accessory day care use was limited to no more than 135 students.

7.

Was the Lutheran Church of the Apostles required to provide parking for any of its classrooms, offices or accessory uses over and above the number of

parking spaces required based on the size of its proposed largest place of assembly? If so, how many spaces were required and for which uses?

## RESPONSE TO INTERROGATORY NO. 7

No, the church was required to provide 129 parking spaces based on the largest assembly area and 129 spaces were provided.

## RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS

1.

Please provide any and all documents identified, referred to or containing information used in preparing your responses to Plaintiff's Second Interrogatories propounded hereinabove.

## RESPONSE TO REQUEST NO. 1

All cases referenced (and any related documents) have been previously copied and provided to Plaintiffs through the City's attorneys, except for U10-004 Sandy Springs United Methodist Church, which has been enclosed.

This ___4___ day of October, 2010.

Laurel E. Henderson, Esq.
State Bar No. 346051

HENDERSON & HUNDLEY, P.C.
160 Clairemont Avenue
Suite 430
Decatur, Georgia 30030
Telephone (404) 378-7417
Facsimile (404) 378-7778
Email: lhenderson@bellsouth.net

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA

CHURCH OF SCIENTOLOGY OF GEORGIA )
INC., a Georgia Corporation, )
            )
            Plaintiff, )
            )
v. )   CIVIL ACTION FILE NO.
            )       1:10-CV-0082-CAP
CITY OF SANDY SPRINGS, GEORGIA )
a Municipal Corporation of the )
State of Georgia; the CITY COUNCIL )
of the CITY OF SANDY SPRINGS, )
GEORGIA, EVA GALAMBOS, Mayor of )
the City of Sandy Springs, Georgia; )
and JOHN PAULSON, DIANNE FRIES, )
WILLIAM COPPEDGE COLLINS, JR, )
ASHLEY JENKINS, TIBERIO DeJULIO )
and KAREN MEINZEN McENERNY, )
Individually in Their Official )
Capacities as Members of the CITY )
COUNCIL of the CITY OF SANDY )
SPRINGS, GEORGIA )
            Defendants. )

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing **DEFENDANT'S RESPONSE TO PLAINTIFF'S SECOND INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS AND NOTICE TO PRODUCE TO DEFENDANTS** was served on the following by depositing same in the United States Mail with sufficient first-class postage affixed thereon to ensure delivery

13

addressed as follows:

> Andrea Cantrell Jones, Esq.
> Lauren M. Hansford, Esq.
> Dillard & Galloway, LLC
> 3500 Lenox Road, N.E. Suite 760
> Atlanta, Georgia 30326

This 4 day of October, 2010.

Laurel E. Henderson, Esq.
State Bar No. 346051

HENDERSON & HUNDLEY, P.C.
160 Clairemont Avenue
Suite 430
Decatur, Georgia 30030
Telephone (404) 378-7417
Facsimile (404) 378-7778
Email: lhenderson@bellsouth.net

S:\2.LEH GIRMA\Church of Scientology\Federal\Discovery\Defendant'sResponseto2ndInterrogatories.9.22.10.docx