**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

```
CHURCH OF SCIENTOLOGY OF GEORGIA,  )
INC., a Georgia Corporation,       )
                                   )
        Plaintiff,                 )
                                   )
v.                                 ) CIVIL ACTION
                                   ) FILE NO.: 1:10-cv-0082-CAP
CITY OF SANDY SPRINGS, GEORGIA,    )
et. al.                            )
                                   )
        Defendants.                )
```

### DEFENDANTS' STATEMENT OF MATERIAL FACTS NOT IN DISPUTE

COME NOW the City of Sandy Springs, Georgia, and its named elected officials, Defendants in the above-styled action and file this their Statement of Material Facts Not in Dispute.

1.

Plaintiff, the Church of Scientology of Georgia, is a religious organization that operates a church in Dunwoody, Georgia. Complaint ¶ 1.

2.

Plaintiff serves a state-wide congregation of 600 members, 100 of whom are currently active. Complaint ¶¶ 1, 17, 19.

3.

Scientology facilities are classified in one of four ways - as groups, missions, Class Five organizations, or advanced organizations. Wright Dep., pp. 10-12.

4.

An organization's classification as a group, mission, church, or advanced organization is based on the size of the facilities, membership, and the types of services provided at the facility. Wright Dep. pp. 8-14.

5.

The Church of Scientology International (CSI) is the senior ecclesiastical management church for the Scientology religion. Complaint ¶ 34.

6.

Plaintiff is the only Church of Scientology in the state. Deposition of Deborah Danos, p. 40, hereinafter "Danos Dep."

7.

Plaintiff is classified within the religion as a "Class Five Organization." Wright Dep. p. 10-12.

8.

In 2005, to accommodate future growth, Plaintiff sought to purchase a new facility. Complaint ¶ 20.

9.

CSI mandates that all new church facilities conform to the template of a "Class Five Ideal Organization." Complaint ¶ 35; Danos Dep. p. 50-51.

10.

While CSI had established some guidelines on the types of services to be provided in a "Class Five Ideal Organization" as of 2005, it had yet to complete its study of the minimum space requirements necessary to house those services. Wright Dep. p. 44-46.

11.

Despite this lack of guidance, Plaintiff in mid-2005 purchased an office building (the "Subject Property") located at 5395 Roswell Road, Sandy Springs, Georgia. Complaint ¶¶ 37, 38; Doc. 42-2 p. 12.

12.

Situated on 1.78 acres, the Subject Property contains 32,053 square feet of improved office space in three finished stories, as well as an 11,193 square foot basement currently set up as a parking garage. Complaint ¶¶ 37, 38; Declaration of Nancy J. Leathers ¶ 5, hereinafter "Leathers Decl."

13.

The site is served by a total of 111 parking spaces – 51 on-site surface spaces, 30 on-site garage spaces, and 30 spaces provided for by an easement on the neighboring post office property. Complaint ¶ 48, Doc. 42-2 p. 22.

14.

There is no other available off-site or public parking within the vicinity of the Subject Property to handle potential overflow. Leathers Decl. ¶ 5.

15.

The Subject Property is located on the northeast corner of the intersection of Roswell Road and Glenridge Drive. Complaint ¶ 37.

16.

Both of these roads are heavily traveled, major multi-lane streets. Leathers Dec. ¶ 5; Deposition of Mark Moore, p. 36, hereinafter "Moore Dep."

17.

On average, the segment of Roswell Road next to the Subject Property generates almost 36,000 trips daily. Moore Dep. p. 36.

18.

The segment of Glenridge Drive next to the Subject Property generates close to 17,000 trips daily. Moore Dep. p. 36.

19.

Local citizens testified at public hearing traffic regularly backs up at the intersection and blocks ingress and egress from neighboring apartments and condominiums causing accidents and creating safety hazards. Transcript of Nov. 19,

2009 Planning Commission Meeting, p. 18-19, hereinafter "Tr. of Nov. 19."

20.

CSI, subsequent to the Plaintiff's purchase, issued mandatory physical space requirements for "Class Five Ideal Organizations" requiring a minimum of 40,000 square feet of improved space. Wright Dep. p. 44-46.

21.

The Subject Property could not meet the 40,000 square foot requirement without conversion of the underground parking area. Complaint ¶¶ 42, 43.

22.

A zoning condition, requiring the Subject Property be used for office use only, prohibited the property's use as a church. Leathers Decl. ¶ 4.

23.

As a result, in March 2009 Plaintiff applied for a rezoning and for variances to permit use of the Subject Property as a church. Complaint ¶ 42, 43; Leathers Decl. ¶ 5.

24.

Plaintiff also sought to allow the expansion of the facility by enclosing and finishing the 11,193 square foot

parking garage into interior space. Complaint ¶ 42, 43; Leathers Decl. ¶ 5.

25.

Plaintiff's proposed renovations eliminated almost a third of the available parking on-site. Complaint ¶ 48, Doc. 42-2 p. 12.

26.

No additional parking was proposed to accommodate Plaintiff's proposed expanded use. Complaint ¶ 48, Doc. 42-2 p. 12.

27.

On December 15, 2009, the City Council approved Plaintiff's rezoning application to allow use of the Subject Property as a church. Complaint ¶ 64; City Council Minutes of Dec. 15, 2009 at p. 21-22, hereinafter "Minutes of Dec. 15."

28.

The Council denied Plaintiff's request to expand use of the Subject Property based on a lack of sufficient parking. Id.

29.

Section 18.2.1 of the Sandy Springs Zoning Ordinance (the "Zoning Ordinance") contains a schedule of parking requirements based on industry standards and broken down by use. Leathers Decl. ¶ 6.

30.

Based on the use of a property, Staff applies these standards to determine how much parking is required on the site, assuming operation at full capacity. Leathers Decl. ¶ 6.

31.

For "Churches and Other Places of Worship" parking is generally calculated based on the total number of fixed seats or the total square footage of the largest assembly area. Leathers Decl. ¶ 7.

32.

A "Church, Temple, or Place of Worship" is defined in the Zoning Ordinance as "a facility in which persons regularly assemble for religious ceremonies." Zoning Ord. § 3.3.1.

33.

Early in the zoning process Plaintiff made clear to Planning Staff that Scientology was different from "traditional churches" in that the religion focused on individualized study and coursework rather than large congregational gatherings in the sanctuary. Leathers Decl. ¶ 8.

34.

The 1,400 square foot sanctuary on the Subject Property only accounted for 3% of the gross floor area. Id.

35.

Plaintiff intended 100 staff members to be on site at all times. Danos Dep. p. 81-82.

36.

Based on Plaintiff's information concerning its operations, Staff requested from Plaintiff a breakdown of the facility's various uses (office, classroom, sanctuary) by square footage, and then calculated the parking requirement under Section 18.2.1 by totaling the required parking for each type of use. Leathers Decl. ¶¶ 9, 10.

37.

Based on this calculation, Staff concluded Plaintiff's renovation required 148 parking spaces. Leathers Decl. ¶ 10.

38.

Plaintiff's proposed renovation of the basement parking garage eliminated 30 parking spaces, leaving a total of 81 surface spaces (including the easement area) - far short of the requirement. Id.

39.

Staff recommended approval of Plaintiff's rezoning, but not the proposed expansion. Id.

40.

Plaintiff objected to Staff's initial parking analysis. Leathers Decl. ¶ 11.

41.

Plaintiff submitted a parking study of its Nashville, Tenn., and Dunwoody, Ga., facilities conducted by Kimley-Horn in June 2009, and supplemented the study in July 2009 with an analysis of a third facility in Buffalo, NY. Leathers Decl. ¶ 12.

42.

Staff revised its the parking recommendation from 148 spaces to 130 spaces. Id.

43.

Furthermore, generously restriping the parking spaces in the surface lot allowed Plaintiff to achieve 111 parking spaces, utilizing the easement, as opposed to 81. Leathers Decl. ¶ 15.

47.

Scientology does not have any beliefs, practices, or religious mandates with respect to parking at its facilities. Wright Dep. p. 54, 72-73.

Respectfully submitted this 21st day of December, 2010.

/s/ Laurel E. Henderson
Laurel E. Henderson, Esq.
State Bar No. 346051

HENDERSON & HUNDLEY, P.C.
160 Clairemont Avenue
Suite 430
Decatur, Georgia 30030
Telephone (404) 378-7417
Facsimile (404) 378-7778
Email: lhenderson@bellsouth.net

/s/ Wendell K. Willard
Wendell K. Willard, Esq.
Georgia Bar No. 760300

WILLARD & SULLIVAN
Two Ravinia Drive, Suite 1630
Atlanta, Ga 30346
Telephone (770) 481-7000
Facsimile (770) 481-7111
Email: wendell.willard@sandyspringsga.org

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| CHURCH OF SCIENTOLOGY OF GEORGIA, INC., a Georgia Corporation, <br><br>　　　　Plaintiff, <br><br> v. <br><br> CITY OF SANDY SPRINGS, GEORGIA, et. al. <br><br>　　　　Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) CIVIL ACTION <br> ) FILE NO.: 1:10-cv-0082-CAP <br> ) <br> ) <br> ) <br> ) |

**CERTIFICATE OF SERVICE**

I hereby certify that on December 21, 2010 I electronically filed the foregoing **DEFENDANTS' STATEMENT OF MATERIAL FACTS NOT IN DISPUTE** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

　　　　G. Douglas Dillard, Esq.
　　　Andrea Cantrell Jones, Esq.
　　　　Lauren M. Hansford, Esq.

　　　　　　　　　　　　　　/s/ Laurel E. Henderson
　　　　　　　　　　　　　　Laurel E. Henderson, Esq.
　　　　　　　　　　　　　　State Bar No. 346051

HENDERSON & HUNDLEY, P.C.
160 Clairemont Avenue
Suite 430
Decatur, Georgia 30030
Telephone (404) 378-7417
Facsimile (404) 378-7778
Email: lhenderson@bellsouth.net