UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CHURCH OF SCIENTOLOGY OF GEORGIA, INC., a Georgia Corporation, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF SANDY SPRINGS, GEORGIA, et. al. <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) CIVIL ACTION <br> ) FILE NO.: 1:10-cv-0082-CAP <br> ) <br> ) <br> ) <br> ) |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF ADDITIONAL MATERIAL FACTS IN RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

COME NOW the City of Sandy Springs, Georgia, and its named elected officials, Defendants in the above-styled action, and pursuant to L.R. 56.1(B)(3) file this their Response to Plaintiff's Statement of Additional Material Facts in Response to Defendants' Motion for Summary Judgment.

1.

The Church's property is located at 5395 Roswell Road, Sandy Springs, Georgia (the "Property"). Doc. 64-1, Second Aff. of Deborah Danos, ¶ 1.

**RESPONSE:** Undisputed.

2.

Contrary to the Declaration of Nancy Leathers at paragraph 14 that "[t]here is no other available off-site or public parking within the vicinity of the Subject Property to handle potential overflow," the Church of Scientology of Georgia, Inc. (the "Church") has identified several locations where parking is available. Id. ¶ 2.

**RESPONSE:** The City objects to the admissibility of this statement and the supporting affidavit pursuant to L.R. 56.1(B)(3)(a), Fed. R. of Civ. Proc. 56(c)(4), and Fed. R. of Evid. 408(a)(2). Plaintiff's conduct in identifying and presenting these off-site parking locations to the City was pursuant to ongoing settlement negotiations regarding Plaintiff's claims in this lawsuit and is therefore inadmissible as evidence. Ex. 1. Defendant further objects pursuant to L.R. 56.1(B)(3)(a) and Fed. R. of Civ. Proc. 56(c)(4) for lack of foundation. Plaintiff provides no evidence or documentation indicating the number of parking spaces required for any of the identified locations, if the identified parking spaces are in excess of required parking for the locations, if the identified spaces are actually available for use by Plaintiff, how Plaintiff determined that any of these identified spaces were available, or if these spaces meet the requirements for shared off-site parking under the City's zoning ordinance.

3.

The Church's preliminary investigation of available off-site parking reveals that there are ten (10) spaces available at 5491 Roswell Road, Suite B; ten (10) spaces are available at Gerber & Gerber Law Offices at 5491 Roswell Road, Suite A; nineteen (19) spaces are available on nights and weekends at Cash, Krugler & Fredericks at 5447 Roswell Road; and nineteen (19) spaces are available during the day at 5275 Roswell Road. Id. ¶ 3.

**RESPONSE:** The City objects to the admissibility of this statement and the supporting affidavit pursuant to L.R. 56.1(B)(3)(a), Fed. R. of Civ. Proc. 56(c)(4), and Fed. R. of Evid. 408(a)(2). Plaintiff's conduct in identifying and presenting these off-site parking locations to the City was pursuant to ongoing settlement negotiations regarding Plaintiff's claims in this lawsuit and is therefore inadmissible as evidence. Ex. 1. Defendant further objects pursuant to L.R. 56.1(B)(3)(a) and Fed. R. of Civ. Proc. 56(c)(4) for lack of foundation. Plaintiff provides no evidence or documentation indicating the number of parking spaces required for any of the identified locations, if the identified parking spaces are in excess of required parking for the locations, if the identified spaces are actually available for use by Plaintiff, how Plaintiff determined that any of these identified spaces were available, or if these spaces meet the requirements for shared off-site parking under the City's zoning ordinance.

4.

These available off-site parking locations were communicated to the City. Id. ¶ 4.

**RESPONSE:** The City objects to the admissibility of this statement and the supporting affidavit pursuant to L.R. 56.1(B)(3)(a), Fed. R. of Civ. Proc. 56(c)(4), and Fed. R. of Evid. 408(a)(2). Plaintiff's conduct in identifying and presenting these off-site parking locations to the City was pursuant to ongoing settlement negotiations regarding Plaintiff's claims in this lawsuit and is therefore inadmissible as evidence. Ex. 1. Prior to the letter of January 7, 2011, the City was not aware of nor informed by Plaintiff of any potentially available off-site parking arrangements for Plaintiff's proposed development. Id. Defendant further objects pursuant to L.R. 56.1(B)(3)(a) and Fed. R. of Civ. Proc. 56(c)(4) for lack of foundation. Plaintiff provides no evidence or documentation indicating the number of parking spaces required for any of the identified locations, if the identified parking spaces are in excess of required parking for the locations, if the identified spaces are actually available for use by Plaintiff, how Plaintiff determined that any of these identified spaces were available, or if these spaces meet the requirements for shared off-site parking under the City's zoning ordinance.

5.

The Church purchased the Property on November 17, 2005 for $5,600,000,00. Id. ¶ 5; Doc. 64-2, Exhibit 1 to Deposition of Deborah Q. Danos.

**RESPONSE:** Undisputed.

6.

The Church of Scientology of Georgia, Inc. ("Georgia church") spent several years raising the necessary funds to pay off the Church's $5,600,000 loan and to finance the renovations that were needed on the building. Id. ¶ 6.

**RESPONSE:** Undisputed.

7.

The Georgia church has paid off the entire $5,600,000 loan and now owns the Property free and clear of any mortgage debt. Id. ¶ 7.

**RESPONSE:** Undisputed.

8.

The Property has lost value during the time of the zoning process and as a result of freezing pipes and water damage is now appraised at $3.2 million. Id. ¶ 8; Doc. 64-3, Appraisal of Michael G. Turner.

**RESPONSE:** The City objects pursuant to L.R. 56.1(B)(3)(b). Plaintiff's real estate appraisal states that the lost value is attributable to the downturn in the overall economy and real estate market in particular. Doc. 64-3 p. 8. Based on the appraisal's downward adjustments, this downturn occurred at some point prior to the spring of 2008 and before the rezoning process was initiated by Plaintiff. Doc. 64-3 p. 5, 8; Complaint ¶ 42, 43; Leathers Decl. ¶ 5. Plaintiff's real estate appraisal also makes clear that only a $243,508 decrease in the value of

5

the property is attributable to freezing pipes and water damage. Doc. 64-3 p. 4. The appraisal does not indicate if this damage occurred prior to, during, or after the rezoning process. Id.

9.

Since December 2009, the Church has paid $67,210.83 to rent the property located at 4480 North Shallowford Road, Dunwoody, Georgia. Id. ¶ 9.

**RESPONSE:** The City objects to relevance pursuant to L.R. 56.1 (B)(3)(c). Plaintiff voluntarily incurred these costs despite being authorized to use all 32,000 improved square feet of the existing, larger facility on the Subject Property, a facility that it already had paid for in full, as a church. Complaint ¶ 64; City Council Minutes of Dec. 15, 2009 at p. 21-22; Second Aff. of Deborah Danos, ¶ 9. Furthermore, Plaintiff entered into the lease for the North Shallowford Road property in September 2007 prior to applying for rezoning of the Subject Property. Exh. 2. p. 3.[1] Contrary to the sworn deposition testimony of Deborah Danos, the lease for the North Shallowford Road property was for a three (3) year and seven (7) month term ending on April 15, 2011, demonstrating that Plaintiff was obligated to pay this rent irrespective of the City's zoning decision. Compare Exh. 2, p. 3 with Doc. 44-1, p. 34-35.

---

[1] Attached as Exhibit 2 is a certified copy of a Complaint filed against Plaintiff in Dekalb Superior Court. The record of the Complaint has been truncated for convenience. Specifically, included is the Dekalb County Superior Court's Certification, the first page of the Complaint, and Exhibit 1 and 2 to the Complaint in their entirety.

10.

The church paid approximately $500,000.00 to Gensler, the architecture firm that created the space plans for the building to be developed as a 43,916 square foot worship facility. Id. ¶ 10.

**RESPONSE:** Undisputed.

11.

As a result of the City's denial, the Gensler plans cannot be used in their current form and would need to be substantially revised. Id. ¶ 11.

**RESPONSE:** Disputed. The existing O-I zoning on the property limited the use to 32,053 square feet of offices. Exh. 3, p. 2, 10-11. Nothing about the City's decision to maintain the square footage limitation already on the property rendered these plans unusable. Id. Gensler's space plans have never been usable based on the pre-existing limitations on the property that Plaintiff chose to ignore. Id.

Respectfully submitted this 14th day of February, 2011.

/s/ Laurel E. Henderson
Laurel E. Henderson, Esq.
State Bar No. 346051

HENDERSON & HUNDLEY, P.C.
160 Clairemont Avenue
Suite 430
Decatur, Georgia 30030
Telephone (404) 378-7417
Facsimile (404) 378-7778

/s/ Wendell K. Willard
Wendell K. Willard, Esq.
Georgia Bar No. 760300

WILLARD & SULLIVAN
Two Ravinia Drive, Suite 1630

```
Atlanta, Ga 30346
Telephone (770) 481-7000
Facsimile (770) 481-7111
Email: wendell.willard@sandyspringsga.org
```

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| CHURCH OF SCIENTOLOGY OF GEORGIA, INC., a Georgia Corporation, )<br><br>Plaintiff, )<br><br>v. )<br><br>CITY OF SANDY SPRINGS, GEORGIA )<br>a Municipal Corporation of the )<br>State of Georgia; the CITY COUNCIL )<br>of the CITY OF SANDY SPRINGS, )<br>GEORGIA, EVA GALAMBOS, in her )<br>Official Capacity as Mayor of the )<br>City of Sandy Springs, Georgia; )<br>and JOHN PAULSON, DIANNE FRIES, )<br>WILLIAM COPPEDGE COLLINS, JR, )<br>ASHLEY JENKINS, TIBERIO DeJULIO )<br>and KAREN MEINZEN McENERNY, )<br>Individually in Their Official )<br>Capacities as Members of the CITY )<br>COUNCIL of the CITY OF SANDY )<br>SPRINGS, GEORGIA )<br><br>Defendants. ) | CIVIL ACTION<br>FILE NO.: 1:10-cv-0082-CAP |

**CERTIFICATE OF SERVICE**

I hereby certify that on December 21, 2010 I electronically filed the foregoing **DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF ADDITIONAL MATERIAL FACTS IN RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

```
                    G. Douglas Dillard, Esq.
                   Andrea Cantrell Jones, Esq.
                    Lauren M. Hansford, Esq.


                                        /s/ Laurel E. Henderson
                                        Laurel E. Henderson, Esq.
                                        State Bar No. 346051
HENDERSON & HUNDLEY, P.C.
160 Clairemont Avenue
Suite 430
Decatur, Georgia 30030
Telephone (404) 378-7417
Facsimile (404) 378-7778
Email: lhenderson@bellsouth.net
```