UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

```
CHURCH OF SCIENTOLOGY OF GEORGIA,  )
INC., a Georgia Corporation,       )
                                   )
        Plaintiff,                 )
                                   )
v.                                 ) CIVIL ACTION
                                   ) FILE NO.: 1:10-cv-0082-AT
CITY OF SANDY SPRINGS, GEORGIA,    )
et. al.                            )
                                   )
        Defendants.                )
```

### DEFENDANTS' MEMORANDUM OF LAW ON THE RIPENESS OF PLAINTIFF'S CLAIMS

COME NOW the City of Sandy Springs, Georgia, and its named elected officials, Defendants in the above-styled action, pursuant to the request of the Court in its Order of September 30, 2011, and file this their Memorandum of Law on the Ripeness of Plaintiff's Claims. Plaintiff's as-applied challenges to the City's December 15, 2009, rezoning decision are ripe for review. As such, this Court's rulings on summary judgment do not need to be reconsidered.

Plaintiff applied to the City for a rezoning and four concurrent variances to permit its use of the Subject Property as a church and to allow for the expansion of the existing facility on the property by enclosing and finishing the 11,193 square foot parking garage into interior space. Complaint ¶¶ 42, 43; Leathers Decl. ¶ 5. Applying the parking requirements of the

1

Zoning Ordinance to the Subject Property the City determined that Plaintiff could not provide sufficient parking to accommodate its use were it to eliminate the facility's basement parking garage. Leathers Decl. ¶¶ 9-15. Therefore, on December 15, 2009, the City took "final action" on Plaintiff's rezoning application and approved use of the Subject Property as a church with an express condition limiting that use to 32,053 square feet, thereby denying Plaintiff's proposed expansion. Doc. 48-1 pp. 10, 23-24. Plaintiff subsequently filed this lawsuit bringing several as-applied challenges under RLUIPA and the U.S. and Georgia Constitutions to the City's rezoning decision. In ruling on the parties' cross motions for summary judgment, the Court requested additional briefing on the issue of whether Plaintiff's claims were unripe because the City could still issue a variance to application of the parking requirements on the Subject Property.

In the context of an as-applied challenge to a zoning ordinance, a claim is ripe for review once a "final decision" applying the zoning ordinance to the property at issue has been made by the governing authority. Konikov v. Orange County, 410 F.3d 1317, 1322 (11th Cir. 2005); see also Eide v. Sarasota County, 908 F.2d 716, 725 (11th Cir. 1990); Midrash Sephardi, Inc. v. Town of Surfside, 366 F.3d 1214, 1224 (11th Cir. 2004). "A final decision is made when the initial decisionmaker has

reached a definitive position on the issue that inflicts an actual and concrete injury." Tari v. Collier County, 56 F.3d 1533, 1535 (11th Cir. 1995). Here, the City's rezoning decision is a "final decision" and cannot be modified by the subsequent issuance of a variance.

The zoning conditions attached to the Subject Property by the City's rezoning decision cannot be modified by a variance. A variance or a zoning modification as provided for in the Zoning Ordinance cannot be issued to vary application of or modify any zoning regulation or zoning condition restricting the permitted uses/density on a property. Doc. 51-1 § 22.2.4 A & D. A variance only provides relief from strict application of the development standards or district standards in the Zoning Ordinance. Doc. 51-1 §§ 22.1, 22.2.4A, 22.3. A zoning condition is specific to the property to which it is attached and not a general text standard in the Zoning Ordinance. Therefore, absent a second and independent rezoning by the City, the zoning conditions limiting the church use on the Subject Property to 32,053 square feet cannot be lifted or modified. Doc. 51-1 § 22.2.4 A & D. Even if a variance from the City's parking requirements were to be issued, Plaintiff still cannot expand its facility on the Subject Property by eliminating the basement parking garage because of the zoning conditions on the Subject Property.

At this point any variance from the City's parking requirements is too late to impact the City's rezoning decision. The City has already applied the parking standards in the Zoning Ordinance to the Subject Property and conclusively decided Plaintiff's rezoning application. Doc. 48-1, p. 23-24. Under the Zoning Ordinance, the City Council was the sole decision-making authority with respect to Plaintiff's rezoning application and no other actor was permitted to "participate in the … decisionmaking" once it voted. Doc. 51-1 §§ 22.2.1A; Doc. 52-1 28.1, 28.3.2h; Tari, 56 F.3d at 1536. The Council's decision was final and Plaintiff was prohibited for one year from seeking another rezoning of the Subject Property. Doc. 52-1 § 28.2. The subsequent issuance of a variance by an inferior governmental body with no decision-making authority over rezoning applications under the Zoning Ordinance cannot by effect or implication modify the final rezoning decision of the City Council. See Doc. 51-1 §§ 22.2.1A, 22.2.2, 22.2.3; Doc. 52-1 §§ 28.1, 28.3.2h.

Plaintiff's as-applied challenges to the City's rezoning decision are thus ripe. The record shows that the City applied the challenged parking requirements in the Zoning Ordinance to the Subject Property and made a final decision on Plaintiff's rezoning application. Konikov, 410 F.3d at 1322; see also Eide, 908 F.2d at 725; Tari, 56 F.3d at 1535-36. That decision

expressly limits Plaintiff's use of the Subject Property as a church to 32,053 square feet (the alleged injury). Once made, the City's decision cannot be modified by variance and binds Plaintiff's use of the Subject Property. Therefore, the Court need not reconsider any of its rulings on summary judgment.

Respectfully submitted this 21st day of October, 2011.

/s/ Laurel E. Henderson
Laurel E. Henderson, Esq.
State Bar No. 346051
William C. Hayes, Esq.
State Bar No. 362412

HENDERSON & HUNDLEY, P.C.
160 Clairemont Avenue
Suite 430
Decatur, Georgia 30030
Telephone (404) 378-7417
Facsimile (404) 378-7778

/s/ Wendell K. Willard
Wendell K. Willard, Esq.
Georgia Bar No. 760300

WILLARD & SULLIVAN
Two Ravinia Drive, Suite 1630
Atlanta, Ga 30346
Telephone (770) 481-7000
Facsimile (770) 481-7111
Email: wendell.willard@sandyspringsga.org

**ADDENDUM TO MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Pursuant to Local Rule 7.1, N.D. Ga. the undersigned counsel certifies that the brief filed with the court was prepared with Courier New (12 point), one of the font and point selections approved by the Court in Local rule 5.1B, N.D. Ga.

This 21st day of October, 2011.

/s/ Laurel E. Henderson
Laurel E. Henderson, Esq.
State Bar No. 346051

HENDERSON & HUNDLEY, P.C.
160 Clairemont Avenue
Suite 430
Decatur, Georgia 30030
Telephone (404) 378-7417
Facsimile (404) 378-7778

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| CHURCH OF SCIENTOLOGY OF GEORGIA, INC., a Georgia Corporation,<br><br>　　　　Plaintiff,<br><br>v.<br><br>CITY OF SANDY SPRINGS, GEORGIA a Municipal Corporation of the State of Georgia; the CITY COUNCIL of the CITY OF SANDY SPRINGS, GEORGIA, EVA GALAMBOS, in her Official Capacity as Mayor of the City of Sandy Springs, Georgia; and JOHN PAULSON, DIANNE FRIES, WILLIAM COPPEDGE COLLINS, JR, ASHLEY JENKINS, TIBERIO DeJULIO and KAREN MEINZEN McENERNY, Individually in Their Official Capacities as Members of the CITY COUNCIL of the CITY OF SANDY SPRINGS, GEORGIA<br><br>　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) CIVIL ACTION<br>) FILE NO.: 1:10-cv-0082-CAP<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**CERTIFICATE OF SERVICE**

　　I hereby certify that on October 21, 2011 I electronically filed the foregoing **DEFENDANTS' MEMORANDUM OF LAW ON THE RIPENESS OF PLAINTIFF'S CLAIMS** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

　　　　G. Douglas Dillard, Esq.
　　　　Andrea Cantrell Jones, Esq.
　　　　Lauren M. Hansford, Esq.

7

/s/ Laurel E. Henderson
Laurel E. Henderson, Esq.
State Bar No. 346051

HENDERSON & HUNDLEY, P.C.
160 Clairemont Avenue
Suite 430
Decatur, Georgia 30030
Telephone (404) 378-7417
Facsimile (404) 378-7778
Email: lhenderson@bellsouth.net