

**CHARLES & VERDELL WILSON, Plaintiff, v. BB&T MORTGAGE, Defendant.**

CIVIL ACTION NO. 1:10-CV-1234-RWS

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA, ATLANTA DIVISION

2011 U.S. Dist. LEXIS 41212

April 15, 2011, Decided
April 15, 2011, Filed

**PRIOR HISTORY:** Wilson v. BB&T Mortg., 2010 U.S. Dist. LEXIS 124151 (N.D. Ga., Nov. 23, 2010)

**COUNSEL:** [*1] Charles Wilson, Plaintiff, Pro se, Atlanta, GA.

Verdell Wilson, Plaintiff, Pro se, Atlanta, GA.

For BB&T Mortgage, Defendant: Nancy H. Baughan, LEAD ATTORNEY, Darren E. Gaynor, Parker, Hudson, Rainer & Dobbs, LLP, Atlanta, GA.

**JUDGES:** RICHARD W. STORY, UNITED STATES DISTRICT JUDGE.

**OPINION BY:** RICHARD W. STORY

**OPINION**

**ORDER**

This case comes before the Court on Plaintiffs' Motion for Reconsideration [97], Plaintiffs' Motion for Leave to File Amended Complaint [100], Plaintiffs' Motion for Order [102], Plaintiffs' Motion for Sanctions [103], Plaintiffs' Motion for Order [116], and Plaintiffs' Motion for Order [117]. After a review of the record, the Court enters the following Order.

**A. Motion for Reconsideration**

Plaintiffs filed their original Complaint in the Superior Court of Fulton County, Georgia, and the case was removed to the Northern District of Georgia on April 23, 2010. Dkt. No. [1]. Plaintiffs' Amended Complaint alleged claims for violations of O.C.G.A. § 11-3-308 and O.C.G.A. § 44-14-38, 162(b), 180. Dkt. No. [34]. Subsequently, Defendant brought a Motion to Dismiss which was granted by this Court on November 23, 2010. Dkt. No. [95]. As well, that Order denied Plaintiffs' Motion for Sanctions finding neither [*2] prejudice nor Rule 11 compliance and denied their prior Motion to Amend citing futility. Id. Plaintiffs bring the present Motion for Reconsideration alleging that their Amended Complaint stated enough facts to prove that they are entitled to relief. Plaintiffs' Motion for Reconsideration, Dkt. No. [97] at 21-23.

Local Rule 7.2(E) provides that "[m]otions for reconsideration shall not be filed as a matter of routine practice," but only when "a party or attorney for a party believes it is absolutely necessary." "Such absolute necessity arises where there is '(1) newly discovered evidence; (2) an intervening development or change in controlling law; or (3) a need to correct a clear error of law or fact.'" Jones v. Zenk, 495 F. Supp. 2d 1289, 1310 (N.D. Ga. 2007) (citing Bryan v. Murphy, 246 F. Supp. 2d 1256, 1258-59 (N.D. Ga. 2003)). Furthermore, "[m]otions for reconsideration may not be used as a

vehicle to "'repackage familiar arguments to test whether the court will change its mind.'" Jones, 495 F. Supp. 2d at 1310 (citing Bryan, 246 F. Supp. 2d at 1259).

Plaintiffs' Motion for Reconsideration does not allege that there have been any developments in the facts or law, or that the dismissal [*3] of their case was in clear error. Plaintiffs merely restate paragraphs from the Complaint [1] and the Amended Complaint [34]. Plaintiffs' Motion for Reconsideration, Dkt. No. [97] at 2, 12. The fact that Plaintiffs do not agree with the Court's decision is not a ground for relief. Thus, Plaintiffs' Motion for Reconsideration is **DENIED.**

### B. Remaining Motions

Plaintiffs also bring a Motion to File Amended Complaint [100]. They state that they "have already made their arguments" and are only "amending for the sole purpose of correcting technicalities if necessary." Plaintiffs' Motion to Leave to Amend Complaint, Dkt. No. [100] at 8. However, this Court has already ruled that allowing Plaintiffs to amend their complaint would be futile because they could not state a claim as a matter of law. Order, Dkt. No. 95 at 8. As Plaintiffs' do not seek to correct the substance of their complaint, the amendment would clearly be futile. Thus, Plaintiffs Motion to File an Amended Complaint is **DENIED.**

Because Plaintiffs' Motion for Reconsideration has been denied, the following motions are also now **MOOT**: Plaintiffs' Motion for Order [102], Plaintiffs' Motion for Sanctions [103], [1] Plaintiffs' Motion for [*4] Order [116], and Plaintiffs' Motion for Order [117].

   1  It should also be noted that this Motion merely rehashes the Plaintiffs' prior Motion for Sanctions which was denied by this Court. See Order, Dkt. No. [95] at 8-10.

### C. Conclusion

Plaintiffs' Motion for Reconsideration [97] and Plaintiffs' Motion for Leave to File Amended Complaint [100] are **DENIED.** The following motions are also now **MOOT** based on the above denial: Plaintiffs' Motion for Order [102], Plaintiffs' Motion for Sanctions [103], Plaintiffs' Motion for Order [116], and Plaintiffs' Motion for Order [117].

**SO ORDERED**, this 15th day of , April 2011.

/s/ Richard W. Story

RICHARD W. STORY

UNITED STATES DISTRICT JUDGE