IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| CHURCH OF SCIENTOLOGY OF GEORGIA, INC., | : : : | |
| Plaintiff, | : : | |
| v. | : : | |
| CITY OF SANDY SPRINGS, GEORGIA, a Municipal Corporation of the State of Georgia; CITY COUNCIL OF THE CITY OF SANDY SPRINGS, GEORGIA; EVA GALAMBOS, in her Official Capacity as Mayor of the City of Sandy Springs, Georgia; JOHN PAULSON, DIANNE FRIES, WILLIAM COPPEDGE COLLINS, JR., ASHLEY JENKINS, TIBERIO DeJULIO and KAREN MEINZEN MCENERNY, Individually and in Their Official Capacities as Members of the City Council of the City of Sandy Springs, Georgia, | : : : : : : : : : : : : : : : : | CIVIL ACTION NO. 1:10-CV-00082-AT |
| Defendants. | : | |

## **ORDER**

This matter is before the Court on the parties' Joint Motion to Close Mediation to the Public [Doc. 98]. On February 10, 2012, the Court ordered the parties to participate in mediation. (Doc. 92.) The parties have scheduled mediation for March 26, 2012. In order to effectively mediate this case, attendance by the full Mayor and Council is necessary to facilitate a potential settlement. However, the presence of a quorum of the Mayor and Council at the

mediation would require the mediation to be open to the public under the Georgia Open Meetings Act, O.C.G.A. § 50-14-1.[1]  The parties therefore request that the Court order the mediation to be closed in order to facilitate the full, frank, and confidential dialogue between the parties that is essential to a successful mediation of an intensely disputed matter.

The Court finds that the parties' request to close the mediation to the public is reasonable and consistent with Georgia public policy, as articulated by the Supreme Court of Georgia. The Alternative Dispute Resolution Rules promulgated by the Supreme Court of Georgia provide that "any statement made during a court-annexed or court-referred mediation . . . is confidential, not subject to disclosure . . ." Ga. ADR Rule VII.  The Georgia Supreme Court thus recognizes that the confidentiality of settlement negotiations in a court-referred mediation process is essential to resolution of disputes such as the one pending before this Court.  Similarly, this Court's Local Rule 16.7, implementing the Alternative Dispute Resolution Act of 1998, 28 U.S.C. § 651, expressly recognizes that the mediation process should be treated as a "compromise negotiation" not subject to admission under the Federal or Georgia Rules of Evidence, and therefore, inherently confidential in nature.  *See* LR 16.7.B(3) NDGa.

---

[1] The Court notes that House Bill 397 (Sub), recently passed by the House of Representatives and currently pending in the State Senate, amends the Open Meetings Act to specifically provide for closure of mediations involving public agencies in proposed section 50-14-3(a)(5). This Bill is an attempt to conform the Open Meetings Act with the reality of the prevalent use of a confidential mediation process as an alternative dispute resolution mechanism in both the public and private sectors.

Conducting mediation on a confidential basis in this matter will not subvert the central purpose of the Open Meetings Act.  The City Council of Sandy Springs will still be required to review and vote on any proposed settlement in a properly noticed open public meeting, pursuant to the Open Meetings Act and local law.

Accordingly, the Court **ORDERS** that the mediation scheduled by the parties for March 26, 2012, shall be closed to the public.  In light of the notice requirements in conjunction with any public meeting held by the City Council subsequent to the March mediation session, the Court **EXTENDS** the deadline for the parties' submission of their proposed consolidated pretrial order to April 30, 2012.

It is **SO ORDERED** this 9th day of March, 2012.

_____
**AMY TOTENBERG**
**UNITED STATES DISTRICT JUDGE**